UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 EMPOYEE BENEFIT FUNDS AND THE TRUSTEES THEREFO,<br><br>Petitioner,<br><br>v.<br><br>ALTURA CONCRETE INC.,<br><br>Respondent. | Civ. No. 14-cv-5743 (KM)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

Before the Court is the petitioner's unopposed motion to confirm an arbitration award in favor of a labor union. I will confirm the award.

I.   BACKRGOUND

The petitioner in this case, the International Union of Operating Engineers Local 825 Employee Benefit Funds and the Trustees Thereof (the "Fund") is an employee benefit fund affiliated with a labor union. The Fund alleges that the Respondent, Altura Concrete Inc. ("Altura"), entered into a collective bargaining agreement with the labor union. Pursuant to that agreement, Altura was obligated to make contributions to the Fund on behalf of its unionized employees. According to the Fund, Altura was delinquent in making those contributions during the period from January 1, 2014 through January 31, 2014. (Default Award of Arbitrator ("Arb. Award"), Ex. C., Petition to Confirm Arbitration Award ("Petition"), Dkt. No. 1-3)

The Fund initiated arbitration proceedings against Altura to recover the delinquent funds. Hearings were held on April 1, 2014 and May 19, 2014. The record indicates that Altura did not appear before the arbitrator to defend itself at either hearing. (*Id.* at 2, 4)

1

The arbitrator found that Altura was bound by its collective bargaining agreement ("CBA") with the Fund and that it failed to make the benefit contributions required by that agreement during the period from January 1, 2014 through January 31, 2104. (*Id.* at 4) After the April 1, 2014 hearing, the arbitrator awarded the following relief:

- Produce a surety bond for delinquent benefits in the amount of $25,000 (*Id.* at 3)
- Pay liquidated damages of $5,000 (20% of the surety bond) (*Id.*)
- Pay attorneys' fees and costs of $442.40 (*Id.*)
- Pay an arbitrator's fee of $800 (*Id.*)

After the May 19, 2014 hearing, the arbitrator also awarded additional relief:

- Pay attorneys' fees and costs of $442.40 (*Id.* at 5)
- Pay an arbitrator's fee of $800 (*Id.*)

In sum, the arbitrator ordered Altura to post a $25,000 bond for delinquent benefits and awarded the Fund $7,484.80.

## II. DISCUSSIONS

A court may vacate an arbitrator's award "if it does not draw its essence from the collective bargaining agreement, but instead represents the arbitrator's own brand of industrial justice." *Tanoma Min. Co. v. Local Union No. 1269, United Mine Workers of Am.*, 896 F. 2d 745, 747-48 (3d Cir. 1990) "This exception is a narrow one." (*Id.*) So long as an arbitration award "draws its essence from the bargaining agreement," or "can in any rational way be derived from the agreement," it must be upheld.

I find that under this lenient standard of review, the arbitrator's awards must be upheld in their entirety because they are consistent with the Collection Policy agreed to by the parties pursuant to the CBA and Trust Agreements. (*See* Collection Policy ("Collection Policy"), Ex. B., Petition, Dkt. No. 1-2)

Section 17 of the Collection Policy states: "Contributing employers are required to maintain a minimum bonding amount of $25,000 unless otherwise

2

provided by the applicable collective bargaining agreement." (*Id.* at 20) Altura appears to have never posted the bond. The arbitrator thus ordered Altura to post a "Surety Bond for Benefits in the amount of $25,000." (Arb. Award, Dkt. No. 1-3, at 3) Although the Collection Policy does not state that Altura may post the bond in lieu of making delinquent contributions, this award nonetheless "derive[s] from" that policy and will be upheld.

Section 8 of the Collection Policy states: "The amount of liquidated damages shall be the greater of: (a) interest on the unpaid Contributions [calculated from the Due Date for the delinquent contributions at two (2%) percent above the prime rate]; (b) twenty (20%) of the unpaid Contributions." (Collection Policy, Dkt. No. 1-2, at 10) The arbitrator awarded the latter—20% of the unpaid Surety Bond for Benefits, totaling $5,000. I find that this award represents a permissible interpretation of the Collection Policy's liquidate damages provision.

Lastly, Section 8 sets forth the rates for attorneys' fees and costs and the fee for arbitration. Attorneys' fees and costs are assessed at the rate of fifteen (15%) percent on the first $750 awarded, and 10 (10%) percent on any amount above that figure. (*Id.*) Arbitrator's fees are set at $800 per uncontested arbitration. The arbitrator awarded $884.80 in attorneys' fees and costs, which is less than the amount called for by the Collection Policy. Accordingly, I will uphold that award. The $1,600 in arbitrator's fees awarded by the arbitrator is equal to rate set forth in the Collection Policy for each uncontested arbitration, multiplied by the number of uncontested arbitrations which, in this case, is two. I will uphold that award as well.

### III.  CONCLUSION

The arbitrator's awards are confirmed. Altura shall post a $25,000 Surety Bond for Benefits and pay $7,484.80 to the Fund.

A separate Order will issue.

Dated: July 30, 2015

_____
KEVIN MCNULTY, U.S.D.J.

4